■     In the Matter of GREG'S HILLTOP, INC., Respondent, v. DANIEL J. MODUGNO, as Building Inspector of the Town of Harrison, Appellant.  In the Matter of MICHAEL DEMARSICO, as Deputy Building Inspector of the Town of Harrison, et al., Appellants, v. DANIEL KING et al., Constituting the Board of Zoning Appeals of the Town of Harrison, Respondents; GREG'S HILLTOP, INC., Intervenor-Respondent.— In two consolidated proceedings pursuant to article 78 of the CPLR, the first to compel the issuance of a building permit, a use variance having been granted by the Board of Zoning Appeals of the Town of Harrison, and the second to annul the grant of the variance, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County, dated September 11, 1973, as (1) dismissed the second proceeding; (2) dismissed the third affirmative defense of the appellant building inspector in the first proceeding; (3) remitted the matter to the respondent Zoning Board of Appeals to conduct a public meeting at which time specific conditions shall be imposed by the Zoning Board; and (4) directed the building inspector, upon acceptance by petitioner Greg's Hilltop, Inc., of such conditions, to issue a building permit to said petitioner.  Permission to appeal from the above-mentioned items (2), (3) and (4) of the judgment, which are nonfinal dispositions, is hereby granted.  Judgment modified, on the law, by striking the fourth and fifth decretal paragraphs thereof and substituting therefor a provision remitting this matter to the Zoning Board of Appeals of the Town of Harrison (1) to conduct a new public meeting as required by subdivisions 1 and 2 of section 267 of the Town Law on the application by Greg's Hilltop, Inc., for a nonconforming variance and (2) for a new determination. As so modified, judgment affirmed insofar as appealed from, without costs.

The judgment appealed from remitted the matter to the Zoning Board of Appeals to conduct a public meeting in order to impose the specific conditions set forth in the Zoning Board's decision dated March 5, 1973 granting a variance to petitioner Greg's Hilltop, Inc. The record does not show that the property cannot yield a reasonable return if used without the variance requested (*Matter of Crossroads Recreation* v. *Broz*, 4 N Y 2d 39). Furthermore, the findings of the Zoning Board do not disclose the evidence relied on by the board as the basis for its decision (*Matter of Collins* v. *Behan*, 285 N. Y. 187). The matter must be remitted to the Zoning Board so that proof of economic hardship, if available, may be placed on the record (*Matter of Weidenhamer* v. *Bundschuh*, 37 A D 2d 720). Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.